1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

MANUEL SANCHEZ,

             Plaintiff,

     v.

WAL-MART STORES, INC.,

             Defendant.

Case No. 2:18-cv-00282-APG-CWH

**REPORT AND RECOMMENDATION**

       This matter is before the court on pro se plaintiff Manuel Sanchez's failure to comply with the court's order (ECF No. 25) and order to show cause (ECF No. 28).

       On April 5, 2019, the court ordered Sanchez to participate in a hearing, either in person or by telephone, regarding his attorney's motion to withdraw. (Min. Order (ECF No. 25).) Sanchez did not appear at the hearing, which was held on April 11, 2019. (Mins. of Proceedings (ECF No. 27).) At the hearing, Sanchez's attorney represented to the court that he attempted to notify Sanchez of the hearing by calling him multiple times on two different telephone numbers and by sending him notice of the hearing via certified mail. Sanchez's attorney represented to the court that Sanchez did not respond to his communications regarding the hearing. At the hearing, the court granted Sanchez's attorney's motion to withdraw from the case. (*Id.*)

       The court subsequently entered an order to show cause why sanctions should not be imposed for his failure to attend the hearing. (OSC (ECF No. 28).) Specifically, Sanchez was ordered to show cause in writing by April 25, 2019, why sanctions should not be imposed, as well as to appear for a show cause hearing on May 2, 2019. (*Id.* at 2.) The court expressly cautioned Sanchez that unless he retained an attorney, he was personally responsible for all upcoming deadlines and other obligations in the case and that he must follow the same rules that govern

1   other litigants. (*Id.* at 1-2.) Further, the court expressly cautioned Sanchez that failure to respond

2   to the order to show cause would result in the imposition of sanctions, including possible

3   dismissal of his case. (*Id.* at 2.) Sanchez did not respond to the order to show cause, request an

4   extension to do so, appear at the hearing, or otherwise respond to the court's orders.

5       The purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and

6   inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The rules provide

7   several mechanisms that allow courts to accomplish this goal using sanctions against parties that

8   fail to comply with court orders or that unnecessarily multiply proceedings. Federal Rule of Civil

9   Procedure 16 is the central pretrial rule that authorizes courts to manage their cases "so that

10  disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is

11  improved, and settlement is facilitated." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d

12  1217, 1227 (9th Cir. 2006). Specifically, Rule 16(f) "puts teeth into these objectives by

13  permitting the judge to make such orders as are just for a party's failure to obey a scheduling or

14  pretrial order, including dismissal." *Id.*

15      Rule16(f) provides in relevant part that "[o]n motion or on its own, the court may issue

16  any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its

17  attorney . . . fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1).

18  Potential sanctions under Rule 37(b)(2)(A) include dismissing the action. Fed. R. Civ. P.

19  37(b)(2)(A)(v). In determining whether to impose the sanction of dismissal, a court must weigh:

20  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

21  docket; (3) the risk of prejudice to the defendant; (4) public policy favoring disposition of cases

22  on the merits; and (5) availability of less drastic sanctions. *Wanderer v. Johnston*, 910 F.2d 652,

23  656 (9th Cir. 1990).

24      The first two factors, the public's interest in expeditiously resolving this litigation and the

25  court's interest in managing its docket, weigh in favor of dismissal. *See Thompson v. Hous. Auth.*

26  *of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (district courts have the inherent power

27  to control their dockets and "[i]n the exercise of that power, they may impose sanctions including,

28  where appropriate . . . dismissal" of a case). Sanchez's failure to comply with the court's orders

1    has resulted in unnecessary delay and has burdened the court's docket.  The third factor, risk of

2    prejudice to the defendant, weighs in favor of dismissal because Sanchez's repeated failure to

3    comply with the court's orders have made it impossible for the case to move forward and impairs

4    defendant's ability to go to trial and obtain a rightful decision in the case.  *See Adriana Int'l Corp.*

5    *v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990).  The court expressly warned Sanchez of the

6    possibility of dismissal as a sanction for his failure to comply with the court's orders and there is

7    no indication he will comply with the court's orders, thereby satisfying the fifth factor's

8    requirement that the court consider less drastic alternatives.  *See Malone v. U.S. Postal Serv.*, 833

9    F.2d 128, 131–32 (9th Cir. 1987).  The fourth factor, the public policy favoring disposition of

10   cases on their merits, is outweighed by the other factors favoring dismissal.  As a result, the court

11   will recommend dismissal of the case.

12         IT IS THEREFORE RECOMMENDED that this case be DISMISSED based on

13   Sanchez's failure to respond to the court's order to show cause or to appear at the show cause

14   hearing that was held on May 2, 2019.

### NOTICE

16         This report and recommendation is submitted to the United States district judge assigned

17   to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation

18   may file a written objection supported by points and authorities within fourteen days of being

19   served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely

20   objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d

21   1153, 1157 (9th Cir. 1991).

23         DATED: May 23, 2019

                                                    _____
26                                                  C.W. HOFFMAN, JR.
                                                    UNITED STATES MAGISTRATE JUDGE